48 CCPA

**Application of Murray DULBERG.**

**Patent Appeal No. 6645.**

United States Court of Customs
and Patent Appeals.

May 5, 1961.

Rehearing Denied July 13, 1961.

Murray Dulberg, pro se.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for Commissioner of Patents.

---

**516**

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection by the Primary Examiner of claims 30 to 37, inclusive, of appellant's application, No. 312,749, for a patent on a holding sleeve. Claims 30 and 34, representative of the appealed claims, read:

"30. In combination, a pair of longitudinally arranged tubular parts made out of flexible material and a member having a transverse flange and formed with opposite longitudinally extending sleeve portions of smaller diameter than the interior of said tubular parts normally sufficient to space said sleeve portions from said tubular parts when positioned in said tubular parts, each of said sleeve portions having a continuous peripheral surface, said member being provided with at least three outwardly projecting longitudinally extending firm ribs, with tapered outward ends, spaced all around said continuous peripheral surface of each of said sleeve portions, said tubular parts being mounted on said ribs in frictional engagement therewith, said ribs being spaced all around said sleeve portions so as to hold the interior surface portions of said tubular parts, disposed opposite the exterior surface portions of said member disposed between said ribs, out of contact with said exterior surface portions of said member and the opposite outward end portions of said tubular parts extending longitudinally from said ribs out of contact with said member, said ribs normally lying in the path of movement of said tubular parts and resisting the mounting of said tubular parts thereon, said flange limiting inward movement of said tubular parts on said member, the total width of the crests of said ribs being relatively narrow with respect to that of the said exterior surface portions of said member disposed between said ribs so as to facilitate removal of said tubular parts, manually, therefrom, the crest of said ribs being elongated and extending parallel to the axis of said member to hold said tubular parts against tilting, whereby, said tubular parts are held in spaced relation to the main body of said member, against tilting, and in manually removable relation to said member."

"34. In combination with a tubular part made out of flexible metal, a holding-sleeve made out of flexible metal and of smaller diameter than the interior of said tubular part normally sufficient to space said holding-sleeve from said tubular part when positioned therein, said holding-sleeve having a continuous peripheral surface and being provided with at least three outwardly projecting longitudinally extending hollow firm ribs spaced all around said continuous peripheral surface, said tubular part being mounted on said ribs in frictional engagement therewith, said ribs being spaced all around said continuous peripheral surface so as to hold the interior surface portions of said tubular part, disposed opposite the exterior surface portions of said holding-sleeve disposed between said ribs, out of contact with said exterior surface portions of said holding-sleeve and having an end portion thereof extending longitudinally from said ribs out of contact with said holding-sleeve, the total width of the crests of said ribs being relatively narrow with respect to that of the said exterior surface portions of said hold-

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 U.S.C.

ing-sleeve disposed between said ribs to facilitate removal of said tubular part, manually, therefrom, the radial distance from the center of said holding-sleeve to the crest of said ribs being greater than the radius of the interior of said tubular part, the ends of said ribs being tapered inwardly to guide said tubular part on said ribs, said ribs upon being mounted by said tubular part expanding and frictionally engaging opposed surface portions of said tubular part and causing portions of said tubular part disposed between said ribs to bend inwardly so as to hold said tubular part against rotary and longitudinal movement relative to said holding-sleeve and the crest of said ribs extending parallel to the axis of said holding-sleeve for a length sufficient to hold said tubular part against tilting, whereby, said tubular part is held against rotary and longitudinal movement and against tilting relative to said holding-sleeve, is held in spaced relation to the main body of said holding-sleeve, and is removable, manually, from said holding-sleeve."

. The references relied on are

| Somers | 188,721 | March 20, 1877. |
| Faber | 703,721 | July 1, 1902. |
| Evslin | 1,350,304 | August 24, 1920. |
| Fickett | 1,537,816 | May 12, 1925. |
| Matthews | 2,559,889 | July 10, 1951. |
| Dulberg | 2,695,028 | November 23, 1954. |

Appellant's invention is a holding sleeve, provided on its exterior surface with three or more hollow longitudinal ribs which are formed integrally out of the body of the sleeve. The crests of the ribs are relatively narrow with respect to the portions of the sleeve between the ribs. The sleeve is adapted to enter into a tubular part having an interior diameter somewhat greater than the external diameter of the sleeve, so that the tubular part firmly engages the crests of the ribs, but is otherwise spaced from the outer surface of the sleeve.

Appellant's holding sleeve may be provided with a central circumferential rib around its outer surface and a set of longitudinal ribs on each side of the circumferential one, so that a tubular member may be applied to the sleeve from each end.

The Faber patent, principally relied on below, shows a pencil tip comprising a holding sleeve of thin sheet metal having a number of circumferentially spaced external longitudinal ribs adjacent one of its ends. It also shows a modified form in which such ribs are provided adjacent each end, and there is a circumferential rib around the middle of the sleeve. In each instance the outer surface of the sleeve is smooth except for the ribs. The surface of the rib crests is small as compared with that of the sleeve. The manner in which the ribs are formed is not described in detail by Faber, but they appear to be solid and do not appear to have been pressed from the sleeve as are appellant's ribs. The end of the sleeve is adapted to be inserted into a tubular part having an inside diameter "approximately the same" as the outside diameter of the sleeve so that the ribs bind against the inner surface of the tubular member, thus holding the parts together and keeping them by friction in any desired position.

The Somers patent shows a pencil comprising a holding sleeve which may have three or more hollow longitudinal ribs formed integrally out of the body of the sleeve, projecting above its exterior surface. A tubular member is adapted to be fitted over the sleeve so that the crests

of the ribs bear against the inner surface of the sleeve with sufficient friction to hold the parts in position. The ribs are highest at their central portions. and taper toward each end.

All the appealed claims were held unpatentable over Faber in view of Somers.

Claim 34 is representative of claims 34 to 37, which call for only one set of ribs on the holding sleeve. The board made a careful analysis of the structure called for by the claims and pointed out where its substantial equivalent is found in Faber, especially in view of Somers. We agree with that analysis and conclusion.

Faber states that the inside diameter of his outer tubular member is approximately the same as the outer diameter of the holding sleeve, which he refers to as a thimble. He further states that the corrugations (ribs) on the sleeve bind against the inner surface of the outer tubular member, no other contact between that member and the sleeve being mentioned. The reasonable interpretation of that language is that the sleeve rests on the crests of the ribs in spaced relation to the body of the sleeve in substantially the same manner as the corresponding parts in appellant's structure. Faber does not provide a figure showing that relationship, but Somers does and, as held by the board, it would be obvious to proportion Faber's parts to produce that result.

Although Faber's ribs are solid, we think it would be obvious to make them ·hollow and form them from the sleeve in the manner suggested by Somers, and also to taper them as Somers suggests.

We have considered the various recitations of structural details and functions in claims 34 to 37 and the extensive discussion by appellant, but we agree with the board that they present nothing unobvious in view of Faber and Somers. The exact proportioning of a device of ·the kind here to attain the specific type of fit desired would appear to be within the capacity of one of ordinary skill.

Claims 30 to 33 are similar to claims 34 to 37, but are limited to an arrangement including a transverse rib on the sleeve and opposite longitudinal ribs. Such an arrangement is disclosed by Faber as pointed out above. While the sleeve in this form of Faber's device is said to be "preferably split," we agree with the board that it would be obvious to make it in the form of a continuous member, especially in view of Somers.

·We think the above reasons are sufficient to affirm the board's rejection. It is therefore unnecessary to consider the other grounds of rejection or to discuss the other references.

The decision is affirmed.

Affirmed.